## (November 16, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY TURNER, Appellant. — Motion by respondent for reargument of that portion of this court's decision and order, both dated August 3, 1981 [83 AD2d 844], which modified a judgment of the Supreme Court, Kings County, rendered July 30, 1980, by (1) reversing defendant's convictions on the counts of robbery in the second degree and grand larceny in the third degree, (2) vacating the sentences imposed thereon, and (3) dismissing the said counts. Motion denied. On the court's own motion, its decision and order, both dated August 3, 1981, are recalled and vacated and the following substituted decision is rendered. Appeal by defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered July 30, 1980, convicting him of robbery in the first and second degrees and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. There was no error in the People's cross-examination of defendant's alibi witnesses with reference to their failure to come forward with exculpatory information prior to trial (see *People v Dawson*, 50 NY2d 311). Although defense counsel noted that he advised the alibi witnesses not to speak to law enforcement personnel, it cannot be said that they refrained from speaking under such advice, since they did not remember receiving such instructions (see *People v Dawson, supra,* pp 322-323). Additionally, even though the witnesses indicated a belief that their efforts to exonerate the suspect would be futile, this is not a ground for preclusion, since the defense may offer such an explanation on redirect. The trier of fact "may reasonably be expected to weigh the available information and determine for itself whether the witness' trial testimony is consistent with his prior behavior and assertions" (see *People v Dawson, supra,* p 322). We have examined the defendant's remaining contentions and have found them to be without merit. Damiani, J.P., Titone, Gibbons and Weinstein, JJ., concur.